# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DANIJAH LATIMORE

## DEFENDANTS
EQUIFAX INC, EXPERIAN INFORMATION SOLUTIONS INC, TRANSUNION LLC

**(b)** County of Residence of First Listed Plaintiff  PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  TRAVIS
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☒ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FAIR CREDIT REPORTING ACT 15 USC 1681
Brief description of cause:
15 USC 1681

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE
04/15/2023
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

## US DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

**DANIJAH LATIMORE**

v.                                                                Case No.

Equifax Inc, Experian Information Solutions,
TransUnion LLC

**COMPLAINT**

Fair Credit Reporting Act (15 U.S.C §
1681 et sq)

Plaintiff alleges that at all times material:                     Demand For Jury Trial

1. Plaintiff Danijah Latimore ("Plaintiff") is a natural person residing in the State of Pennsylvania, as defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a(c).

2. Equifax Information Services LLC ("Equifax") is a Georgia limited liability company that regularly evaluates and reports credit information to third parties through

interstate commerce and is a "consumer reporting agency" as defined by the FCRA 15 U.S.C. § 1681a(f).

3. Experian Information Solutions, Inc. ("Experian") is a California corporation that regularly evaluates and reports consumer credit information to third parties through interstate commerce and is a "consumer reporting agency" as defined by the FCRA at 15 U.S.C. § 1681a(f).

4. TransUnion Holding Company, Inc ("TransUnion") is an Illinois corporation that regularly evaluates and reports consumer credit information to third parties through interstate commerce and is a "consumer reporting agency" as defined by the FCRA at 15 U.S.C. § 1681a(f).

5. Plaintiff was denied credit from **Capitol One** - Credit Card and **Huntington Bank - Mortgage (Home Equity Loan)** cut my line of credit off. On or about November 21, 2022, the plaintiff again requested a copy of her Equifax, Experian and TransUnion credit report, enclosing the additional identifying information the defendants requested in its November 15, 2022 letter. On November 26, 2022, the defendants sent the plaintiff a copy of her Credit report.

6. On December 13, 2022, the plaintiff sent a detailed letter disputing the accuracy of their credit reports with respect to the defendants. The report contained false identification information, an incorrect Social Security number, a false address, a false birthday and false derogatory collection accounts attributed to her.

7. On December 20, 2022, plaintiff disputed the false information appearing in her November 15, 2022 credit reports for a second time. Plaintiff enclosed her credit reports with false information highlighted.

8. Initially, all the defendants failed to conduct a reasonable timely investigation after receiving plaintiffs' dispute letters, resulting in continued reporting of false derogatory information on the plaintiff's credit reports.

9. After receiving dispute responses from Equifax, TransUnion, and Experian that continued to contain false derogatory information with respect to deny. Plaintiff again sent Equifax, TransUnion and Experian detailed letters disputing the accuracy of their credit reports.

10. Despite these repeated requests, the Defendants continued to report false derogatory information on the plaintiff's credit reports.

11. As a result of the conduct of the Defendants as alleged above from December 13, 2022, plaintiffs suffered severe ongoing emotional harm including and not limited to frustration, stress, anxiety, worry, damage to reputation, and economic losses including and not limited to damage to their credit, lower credit scores, and lost opportunities to receive credit, in amounts to be decided by the jury at trial, and plaintiffs incurred attorney fees and costs.

12. The following are the accounts highlighted in the report:

- FSTPROGRESS #544303000687****
- LENDCLUB BNK #17359****
- GREENDOT BANK/CARDWOR #400421005064****
- ONEMAIN #221326506952****
- CAPITAL ONE #51780583****
- ELAN FIN SVC #766042141****

FIRST CLAIM FOR RELIEF

(15 U.S.C. § 1681n)

13. Plaintiffs re-alleges paragraphs 1-11 as if fully set forth herein.

14. The Defendants willfully failed to comply with the requirements imposed under the FCRA, 15 U.S.C § 1681 et seq., including but not limited to

   a) Failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C § 1681e(b);

   b) Failing to comply with the reinvestigation requirements in 15 U.S.C §1681i;

   c) Providing plaintiffs credit file to companies without determining that these companies had a permissible purpose to obtain plaintiffs credit file pursuant to U.S.C §1681b; and

   d) Failing to provide plaintiff her credit file pursuant to 15 U.S.C §1681g.

15. As a result of the Defendant's violations of the FCRA, Plaintiff has suffered, continues to suffer and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to her damages, in an amount to be determined by the jury.

16. Plaintiff is entitled to punitive damages in an amount to be determines by the jury

17. Plaintiff is entitled to actual damages in an amount to be determines by the jury in addition to any statuary damages in an amount to be determines by the Court.

18. Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C §1681n(a)

## SECOND CLAIM FOR RELIEF

(15 U.S.C. § 1681o))

19. Plaintiff re-alleges paragraphs 1-11 as if fully set forth herein.

20. The Defendants negligently failed to comply with the requirements imposed under the FCRA, including but not limited to:

    a) Failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C §1681e(b);

    b) Failing to comply with the reinvestigation requirements in 15 U.S.C §1681i;

    c) Providing plaintiff's credit files to companies without determining that these companies had a permissible purpose to obtain plaintiff's credit file pursuant to U.S.C§1681b; and

    d) Failing to provide the plaintiff her credit file pursuant to 15 U.S.C§1681g

21. As a result of Defendant's violations of the FCRA, Plaintiff has suffered, continues to suffer and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to her damages, in an amount to be determined by the jury.

22. Plaintiff is entitled to actual damages in an amount to be determined by the jury/

23. Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C §1681o(a).

### PRAYER

Plaintiff demands a jury trial on all claims. Wherefore Plaintiff Danijah Latimore prays for a judgement as follows:

1. On Plaintiffs First Claim for Relief for willful violations of the FCRA against Defendants Equifax, TransUnion and Experian:

    a. Actual damages in an amount to be determined by the jury;

    b. Punitive damages in an amount to be determined by the jury; and,

    c. Statutory damages as determined by the court; and

    d. Attorney fees and costs.

2. On Plaintiff's Second Claim for Relief for negligent violations of the FCRA against Defendants TransUnion and Experian:

    a. Actual damages in an amount to be determined by the jury;

    b. Attorney fees and costs.

3. On All Claims for Relief, costs and expenses incurred in this action.


DATED: 4/24/2023

STATE OF PENNSYLVANIA

PHILADELPHIA COUNTY

I, DANIJAH LATIMORE, swear that the foregoing is a just and true statement of the amount owing by Defendant to Plaintiff, exclusive of all set-offs and just grounds of defense.

By affixing this electronic verification, oath, or affidavit to the pleading submitted to the court and attaching my electronic signature. I do swear or affirm that the statements set forth in the above pleading are true and correct.

Dated: 4/24/2023

_____
Danijah Latimore
Email: danijah2233@gmail.com
PLAINTIFF (*pro se*)

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of Pennsylvania

| | |
|---|---|
| DANIJAH LATIMORE | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. |
| EQUIFAX INC, TRANSUNION LLC, EXPERIAN INFORMATION SOLUTIONS INC | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> DANIJAH LATIMORE
> 192 ROSEMAR ST
> PHILADELPHIA, PA 19120

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: 04/15/2023

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

 ❐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

 ❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

 ❐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

 ❐ I returned the summons unexecuted because _____ ; or

 ❐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

                 _____
                          *Server's signature*

                 _____
                         *Printed name and title*

                 _____
                          *Server's address*

Additional information regarding attempted service, etc: